UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

BISSO MARINE, LLC                                    CIVIL ACTION NO: 18-01083

VERSUS                                               JUDGE ASHE

ERIC JUDE WYBLE                                      MAG. JUDGE MEERVELD
*********************************************************************************

**WYBLE'S MEMORANDUM IN SUPPORT OF HIS MOTION
TO DISMISS BISSO'S DECLARATORY JUDGMENT ACTION**

MAY IT PLEASE THE COURT:

Wyble now moves this Honorable Court for an order dismissing Bisso Marine's Declaratory

Judgment Action, as follows:

**A.      Pertinent Facts and Proceedings**

Briefly, on October 12, 2016, Defendant Eric Wyble ("Wyble") was employed as an engineer

by Plaintiff Bisso Marine ("Bisso") and was assigned to work and was working as a crew member

of the *TUG WILLIAM BISSO*.  On that day, the *WILLIAM BISSO* was working on a Gulf of Mexico

construction project, in support of a heavy-lift construction barge, the *BISSO SUBSEA VISION*.  At

the time of Wyble's injury,  the *WILLIAM BISSO* was "hipped-up" to deck barge MARMAC - 32.

Wyble and a co-employee were ordered to board and disconnect a tow-bridle from the bow of

*MARMAC* - 32 in heavy weather.  Wyble was injured when he was struck about the right lower

extremity by a tow wire under tension.  Wyble suffered, among others,  permanent injuries to his

right lower extremity involving his right knee and right ankle.  Wyble has been under medical care

since October 12, 2016 and, has been taken to surgery on two (2) separate occasions; once, on

October 27, 2016 for an open reduction and internal fixation of the right ankle and then, on July 2, 2019 for extensive arthroscopic reconstruction surgery of the right knee.

On August 2, 2018, sixteen (16) months after Wyble's accident, Bisso filed papers in this Court, seeking a declaratory judgment [1] to terminate Wyble's maintenance and cure benefits, even though Wyble had not reached maximum medical cure.

On October 11, 2019, Defendant Wyble filed his Seaman's Petition for Damages against Bisso Marine in the Civil District Court for the Parish of Orleans[2] and directed that the Seaman's Petition for Damages be served on Bisso Marine, together with Plaintiff's First Set of Written Discovery. On November 12, 2019, Bisso Marine filed its Answer, Affirmative Defenses and Third-Party Demand, making a claim for indemnity and contribution against third-party Crosby Tugs, LLC and Crosby Marine Transportation, LLC.[3]

## B.   Memorandum of Law

Wyble seeks dismissal of this declaratory judgment action as the issues between the parties can be fully resolved in the state court proceedings. Federal district courts may use their discretion to dismiss declaratory actions when the controversy could be "better settled in the proceeding pending in state court."[4]   The Declaratory Judgment Act, 28 U.S.C. § 2201, provides a federal court with discretion to hear declaratory judgment suits.[5]   The Act "created an opportunity

---

[1] Ex. "1" – Complaint for Declaratory Judgment.

[2] Ex. "2" – Seaman's Petition for Damages.

[3] Ex. "3" – Bisso Marine, LLC's Answer, Affirmative Defenses and Third-Party Demand

[4] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).

[5] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

rather than a duty" and there is no absolute right of a litigant to this form of action.[6]

In *Wilton*, the Supreme Court addressed the conflict that had developed among the federal Circuits Courts of Appeal on the appropriate standard to be applied by a district court in determining whether to dismiss a declaratory judgment action in light of the pendency of a parallel state court proceeding. The Supreme Court rejected the contention that a district court should only refrain from hearing a declaratory action under exceptional circumstances, and instead reaffirmed its decision in *Brillhart*, *supra*, which held that even when jurisdictional requirements are satisfied, a district court should exercise its discretion in determining whether to entertain a declaratory action.[7]

Under this standard, discretion should generally be exercised to dismiss a declaratory judgment suit when there is another state court suit involving the same issues pending in state court. The rationale was articulated in *Brillhart*:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided. [8]

As will be discussed below, this reasoning is particularly compelling when the entirety of all claims between and against the parties cannot be resolved through the grant of declaratory relief in any event.

The Supreme Court has provided guidance for the districts courts in using their discretion

---

[6] 515 U.S. at 287-288. See also, e.g., *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008).

[7] *Wilton*, *supra*, 515 U.S. at 286-290.

[8] *Brillhart*, 515 U.S. at 495.

in this area. The Court in *Wilton* discussed several factors that could be considered by district courts in determining whether to entertain a declaratory action. The factors included the scope of the state court action, the nature of the defense, whether all claims can be satisfactorily adjudicated in the state court action, and whether all parties are joined.[9]

The intermediate federal circuit courts have thoughtfully discussed the subject of district court dismissals of declaratory relief actions in favor of parallel state court proceedings.[10] For instance, in *Rowan Companies, Inc. v. Griffin*,[11] the Fifth Circuit engaged in a careful analysis of the "principles of federalism, comity, and efficiency" in this context. *Rowan* articulated criteria for determining when a district court should refuse to exercise its discretionary declaratory judgment jurisdiction: (1) whether there was a pending state court proceeding that would result in the full litigation of the controversy; (2) whether it appears that the declaratory judgment complaint was filed in anticipation of litigation and is being used for forum shopping; (3) the possible inequities of permitting the plaintiff-employer to gain precedence in time and forum, and (4) the inconvenience to the parties and witnesses.[12] With these four (4) factors as backdrop, the Fifth Circuit concluded that where a state suit is pending which encompasses the maintenance and cure claim and where that state suit has been joined with a Jones Act claim, the district court should decline to hear the declaratory judgment action.[13]

---

[9] *Wilton*, 515 U.S. at 283.

[10] *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005).

[11] 876 F.2d 26 (5th Cir.1989).

[12] *Rowan*, 876 F.2d at 29.

[13] *Rowan*, 876 F.2d at 28–29 and 29 n. 3.

After the *Rowan* decision was announce, the Judges of this District wrote a series of published and unpublished opinions about maritime declaratory judgment actions.  Recognized as perhaps the most extensive analysis of the issue is found in *Belle Pass Towing Corp. v. Cheramie.* [14]  In *Belle Pass Towing*, Judge Mentz identified three possible scenarios in which this issue could arise.  The first scenario is the clearest of all possible cases, the seaman files his state suit first and then the employer files a declaratory judgment in federal court.[15]  In most cases, this could only be seen as an attempt to remove an otherwise unremovable case and the district court should refuse to hear the matter.  Judge Mentz said the second was the most common and we will return to a discussion of this circumstance in a minute. The third scenario finds an employer filing a declaratory judgment suit and the seaman responds with a motion to dismiss, but has **not** yet filed any other action to resolve the merits of the case.[16]   In this case, the district court will usually hear the declaratory judgment motion because in the absence of any pending litigation on the matter, this will be the only method of resolving the employer's liability.  Returning now to the second , or most common scenario - the employer- obviously aware of a potential claim against it and perhaps aware of an impending suit - filed a declaratory judgment action. Sometime after the employer files the declaratory judgment action, the seaman filed his suit in state court and a motion to dismiss the federal declaratory action.  Most often, the lawsuits filed in state court will include claims under for negligence under the Jones Act and unseaworthiness under the general maritime.  In this situation courts in this District have concluded that the filing of a state court suit at any time after the

[14] *Belle Pass Towing Corp. v. Cheramie,* 763 F.Supp. 1348 (E.D. La.1991).

[15] *Belle Pass Towing*, 763 F.Supp. at 1353–54.

[16] *Belle Pass Towing*, 763 F.Supp. at 1354.

declaratory judgment has been instituted is dispositive of the issue and requires dismissal of the declaratory judgment action.[17]

Likewise, in *Ameritas Variable Life Ins. Co. v. Roach,[18]* an insurance company brought a declaratory action to determine its obligations under an insurance policy in which Roach was a beneficiary. A few weeks thereafter, Roach filed an action in state court against the insurance company, as well as additional parties, asserting claims of breach of contract and negligence. The district court dismissed the declaratory action citing the fact that the declaratory relief action addressed only a portion of the controversy encompassed by the state court action. The district court noted that proceeding with the declaratory action would result in the kind of "gratuitous interference" against which the Supreme Court had cautioned in *Brillhart* and *Wilton*.[19]  The Eleventh Circuit affirmed the district court's decision, stating that the district court had given  "appropriate consideration to the primary factors existing here, including the traditional concepts of federalism, efficiency, and comity." [20]

The *Ameritas* Court also provided a non-exhaustive list of factors to assist district courts in making the  determination of whether to entertain a declaratory action, including whether the judgment in the federal declaratory action would settle the controversy; whether the declaratory

---

[17]  *Rowan Companies, Inc. v. Blanton*, 764 F.Supp. 1090 (E.D. La.1992); *Monica Lynn, Inc. v. Collier*, No. 92–2773, 1993 WL 35163, 1993 U.S. Dist. LEXIS 1634 (E.D. La. Feb. 11, 1993); *Doucet & Adams, Inc. v. Adams*, No. 91–3877, 1992 WL 178704, 1992 U.S.Dist. LEXIS 11246 (E.D. La. July 21, 1992); *ODECO Oil & Gas Co. v. James*, No. 92–0700, 1992 WL 92067, 1992 U.S.Dist. LEXIS 5383 (E.D. La. April 15, 1992); *Monteiro Towing Co. v. Guidry*, No. 89–4418, 1989 WL 159336, 1989 U.S.Dist. LEXIS 15555 (E.D. La. Dec. 21, 1989).

[18]  411 F.3d 1328 (11th Cir. 2005).

[19]  411 F. 3d at 1332.

[20]  *Id.*

remedy is being used merely for the purpose of procedural fencing - that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; whether there is an alternative remedy that is better or more effective; and whether the underlying factual issues are important to an informed resolution of the case. [21]

In this case, an analysis of the factors listed by the Supreme Court and Eleventh Circuit order the factors identified by Judge Mentz in *Bell Pass Towing* establishes that the Plaintiff Bisso declaratory action should be dismissed in favor of Wyble's pending state court action. Firstly, and most importantly, an exercise of discretion to retain this declaratory relief action in this case would not resolve the entire controversy. The Plaintiff's Declaratory Judgment papers address issues which, are not in controversy. To explain. In ¶¶10 and 11 of the Bisso lawsuit papers, Bisso seeks a judgment declaring that Wyble is <u>not</u> entitled to any additional maintenance and cure benefits, notwithstanding the fact that Plaintiff Bisso has contiued to pay to maintenance benefits to Wyble and just six (6) months ago - on July 2, 2019 – Bisso authorized, and paid for Wyble's right knee reconstructive surgery – Wyble was taken to surgery for arthroscopic surgery of the right knee, with ACL allograft reconstruction, together with partial medial and lateral meniscectomy, as well as debridement and chondroplasty of the right knee joint. In consequence, the relief sought by Plaintiff Bisso is premature and not ripe for resolution.[22]

Furthermore, even if this Court should be incline to decide the issues resented by Plaintiff's declaratory judgment lawsuit, all of the other claims and demands will still require resolution in the

---

[21] 411 F. 3d at 1331.

[22] During the fifteen (15) or so months that this lawsuit has been pending, Plaintiff Bisso has not engaged in any pretrial discovery – none.

state court proceeding; the claims and demands made by Wyble against Bisso under the Jones Act and general maritime law, as well as the third-party demand made by Bisso against Crosby Tugs and Crosby Marine for indemnity and contribution. Federal Courts in this state and elsewhere have disapproved this kind of waste of judicial resources generated by addressing disputes between the same parties in stages rather than in one proceeding. [23]

In *Centennial*, a Fourth Circuit case cited by the Eleventh Circuit in *Ameritas* as a guide for analyzing the question of whether to retain jurisdiction, the Court stated that declaratory relief actions should not be used to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action that has already been instituted. [24]

The concern over procedural fencing noted by the Eleventh Circuit in *Ameritas* is also implicated here where the controversy arose a work accident causing Defendant Wyble to suffer permanently disabling injuries to his right knee's while he was in the service of the *TUG WILLIAM BISSO*. Undoubtedly Bisso anticipated Wyble's state court action to assert Jones Act and general maritime claims, given the severity of his injuries. The savings to suitors clause, 28 U.S.C.Â § 1333, guarantees an injured seaman the right to bring an action in state court. For decades, Courts have protected seamen's right to the forum of their choosing, and have rejected attempts by employers and

---

[23] See, e.g., *Wilton*, *supra*; *Ameritas*, *supra*; *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255 (4th Cir. 1996); *Plant & Moran v. Thompson*, 850 F. Supp. 610 (W.D. Mich. 1994); *Rowan Companies, Inc. v. Blanton*, 764 F.Supp. 1090 (E.D. La.1992); *Monica Lynn, Inc. v. Collier*, No. 92–2773, 1993 WL 35163, 1993 U.S. Dist. LEXIS 1634 (E.D. La. Feb. 11, 1993); *Doucet & Adams, Inc. v. Adams*, No. 91–3877, 1992 WL 178704, 1992 U.S.Dist. LEXIS 11246 (E.D. La. July 21, 1992); ODECO Oil & Gas Co. v. James, No. 92–0700, 1992 WL 92067, 1992 U.S. Dist. LEXIS 5383 (E.D. La. April 15, 1992); *Monteiro Towing Co. v. Guidry*, No. 89–4418, 1989 WL 159336, 1989 U.S. Dist. LEXIS 15555 (E.D. La. Dec. 21, 1989).

[24] 88 F. 3d at 256-257, quoting *Aetna Ca. Sur. Co. v. Quarles*, 92 F. 2d 321, 325 (4th Cir. 1937).

shipowners to erode this right through procedural skirmishing.[25]

Plaintiff Bisso attempted a pre-emptive strike - via the filing of this declaratory relief action on one issue arising from Wyble's injury claim and medical care - appears to fall within the parameters of the types of tactics the Eleventh Circuit sought to discourage when it instructed district courts to be critical of attempts at procedural fencing.[26] In *Great Lakes Dredge and Dock Co. v. Ebanks*,[27] the district court stated that to allow an employer declaratory action where a seaman had subsequently filed state law claims under the Jones Act would result in " backdoor" removal of Jones Act claims, since the seaman would be effectively forced to litigate a portion of his state court claims in federal court, thereby defeating the purpose of the savings to suitors clause. Other district courts have reached the same conclusion concerning the impropriety of allowing an employer's declaratory judgment action to deprive a seamen of his Jones Act rights.[28]

In sum, exercise of jurisdiction over this declaratory judgment action is a matter of discretion for this Court. Defendant Wyble respectfully submits that the pertinent considerations weigh in favor of dismissal by this Court because the already pending state court action can resolve all of the issues between the parties.

---

[25] See, e.g., *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970); *Fantome v. Sarah Frederick*, Case No. 02-10890 (11th Cir. 2003); *Szumlicz v. Norwegian American Line*, 698 F.2d 1192 (11th Cir. 1983).

[26] *Ameritas, supra*, 411 F.3d at 1331.

[27] 870 F. Supp 1112, 1118 (S.D. Ga. 1994),

[28] See, e.g., *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1355 (E.D. La. 1991) filed a Jones Act suit requires dismissal of a declaratory judgment action which arises out of the same facts"); *Lady Deborah, Inc. v. Ware*, 855 F. Supp. 871 (E.D. Va. 1994)(same). See, e.g., Belle Pass Towing Corp. v. Cheramie, 763 F. Supp. 1348, 1355 (E.D. La. 1991)([p]roperly filed Jones Act suit requires dismissal of a declaratory judgment action which arises out of the same facts€  ); Lady Deborah, Inc. v. Ware, 855 F. Supp. 871 (E.D. Va. 1994)(same).

## CONCLUSION

Based upon the foregoing facts and authorities, Defendant, Eric Wyble, hereby respectfully submits that this Motion to Dismiss should be granted and this action dismissed for the parties to proceed in the parallel state court action where all of the issues between the parties can be resolve

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: (337) 235-1825
Facsimile: (337) 237-0241
E-Mail: larry@larrycurtis.com

BY: s/Lawrence N. Curtis
    LAWRENCE N. CURTIS (4678)

## CERTIFICATE OF SERVICE

I hereby certify that January 29, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to: David L. Reisman, Esq., by operation of the Court's electronic filing system.

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: (337) 235-1825
Facsimile: (337) 237-0241
Email: larry@larrycurtis.com

BY: s/Lawrence N. Curtis
    LAWRENCE N. CURTIS (4678)