UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BISSO MARINE, LLC** | **CIVIL ACTION NO.** |
|       **Plaintiff** | **SECTION " "** |
| **v.** | |
| **Eric Jude Wyble** | **JUDGE:** |
|       **Defendant** | **DIVISION " "** |
| | **MAGISTRATE JUDGE:** |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Bisso Marine, LLC ("Bisso"), a Louisiana limited liability company authorized to do and doing business in the State of Louisiana, and respectfully avers the following:

1.

This action arises under the General Maritime Law of the United States, with jurisdiction premised upon 28 U.S.C. §1333. Bisso seeks a determination pursuant to 28 U.S.C. §2201 that it is not liable to defendant Eric Jude Wyble ("Wyble") for maintenance and cure benefits.

2.

These claims are asserted in Admiralty under the provisions of and within the meaning of F.R.C.P. 9(h). Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Wyble entered into his employment contract with Bisso within this district, Wyble was assigned to a vessel (AHT WILLIAM BISSO) home ported within this district, and the vessel's operations were managed within this district.

1



EXHIBIT

WYBLE 1

3.

Defendant Wyble is a resident of Welsh, Louisiana who sought and obtained employment with Bisso through its vessel department based in New Orleans, Louisiana.

4.

Wyble was involved in an accident on October 12, 2016 while assigned to the AHT WILLIAM BISSO (the "Accident"). Bisso immediately began paying Wyble maintenance and cure benefits following the Accident.

5.

Shortly after the Accident, Bisso offered Wyble employment, at his regular wages, working sedentary and light duty in the Bisso yard in New Orleans, all within the restrictions imposed by Wyble's physicians. In addition, Bisso offered Wyble free lodging in the Bisso yard. Wyble began reporting for work and continued working in the Bisso yard until May, 2017.

6.

Bisso scheduled an appointment with Dr. Alan Hinton to examine Wyble's knee on June 12, 2017. Wyble consented to this appointment and agreed to attend at the scheduled time and location. Bisso paid Dr. Hinton's office $2,000 in advance to secure the appointment. Wyble failed to appear for the appointment without providing any notice to Bisso (who sent an employee from New Orleans to Lake Charles to accompany Wyble to the appointment) or the doctor's office. Bisso was forced to forfeit the $2,000 fee due to Wyble's failure to appear.

7.

At the same time, Wyble stopped communicating with Bisso. Wyble has not answered telephone calls or responded to letters since June 2017, despite repeated efforts by Bisso to communicate with him.

8.

Wyble has not returned to work for Bisso since May of 2017, despite the fact that his position remained available to him.

9.

Because of Wyble's failure and refusal to communicate with Bisso, Bisso does not have any knowledge or information with respect to Wyble's current medical condition or his need (or lack thereof) for additional medical care.

10.

Bisso seeks a judgment declaring that Wyble is not entitled to additional maintenance benefits on the ground that he has failed to mitigate his damages by failing to continue his employment with Bisso, within the restrictions imposed by his physicians, at his regular wages and with free lodging. Wyble has not communicated with Bisso any reason for his failure and refusal to return to work.

11.

Bisso seeks a judgment declaring that Wyble is not entitled to additional cure benefits on the ground that he has discontinued communications with Bisso, failed to appear for a scheduled and agreed upon medical appointment, and has failed to cooperate with Bisso in connection with his medical treatment and Bisso's investigation of his medical condition.

3

12.

An actual controversy within the jurisdiction of this Court exists with regard to the matters stated herein.

WHEREFORE, all premised considered, Plaintiff Bisso Marine, LLC respectfully prays that after all legal delays and due proceedings had, there be judgment herein declaring that defendant, Eric Jude Wyble, is not entitled to maintenance and cure benefits from Bisso, and for such other relief to which Bisso may be entitled under the law, including but not limited to attorneys' fees and costs.

Respectfully submitted:

/s David L. Reisman

David L. Reisman, T.A. (Bar #21833)
Lauren R. Bridges (Bar #34460)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
dreisman@liskow.com
lbridges@liskow.com

*Attorneys for Bisso Marine, LLC*

4