

FILED

2019 NOV 12 PM 2: 24

CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2019-10715   DIVISION C-10

ERIC JUDE WYBLE

versus

BISSO MARINE, LLC

FILED: _____   BY: _____
DEPUTY CLERK

### BISSO MARINE, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND THIRD-PARTY DEMAND

NOW INTO COURT, through undersigned counsel, comes Bisso Marine, LLC ("Bisso"), who respectfully provides the following Answer, Affirmative Defenses, and Third-Party Demand in response to the Petition for Damages filed on behalf of Eric Jude Wyble:

#### FIRST DEFENSE

The Petition for Damages fails to state a right or cause of action against this defendant.

#### SECOND DEFENSE

AND NOW, without waiving any defenses, denials, answers, responses, exceptions or allegations, Bisso responds to the specific allegations of the Petition for Damages as follows:

1.

The allegations of the first unnumbered paragraph are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

2.

The allegations of Paragraph 1 of the Petition state conclusions of law to which no response is necessary.

3.

In response to Paragraph 2 of the Petition, Bisso Marine admits that it is a Louisiana company with its principal business establishment in Louisiana in New Orleans, Louisiana. The remaining allegations of Paragraph 2 of the Petition state conclusions of law to which no response if necessary.



EXHIBIT
WYBLE 3

4.

Bisso admits the allegations of Paragraph 3 of the Petition.

5.

The allegations of Paragraph 4 of the Petition are admitted.

6.

In response to Paragraph 5 of the Petition, Bisso admits that it owned and operated the WILLIAM BISSO, a 115' x 32' x 14' anchor handling tug, at the time of the accident alleged herein. Exhibit A is illegible; Bisso therefore denies the allegations that the WILLIAM BISSO is as shown in Exhibit A for lack of knowledge or information sufficient to justify a belief as to the truth thereof. All remaining allegations in Paragraph 5 of the Petition are denied for lack of knowledge or information as to the truth thereof.

7.

In response to Paragraph 6 of the Petition, Bisso admits that it operated the barge BISSO SUBSEA VISION, measuring 115.35 meters x 30.48 meters x 7.62 meters, at the time of the accident alleged herein. Exhibit B is illegible; Bisso therefore denies the allegations that the BISSO SUBSEA VISION is as shown in Exhibit B for lack of knowledge or information sufficient to justify a belief as to the truth thereof. All remaining allegations in Paragraph 6 of the Petition are denied for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

8.

Bisso admits the allegations of Paragraph 7 of the Petition that Wyble was employed by Bisso and assigned to the WILLIAM BISSO at the time of the accident alleged herein. All remaining allegations in Paragraph 7 are denied for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

9.

In response to Paragraph 8 of the Petition, Bisso admits that Plaintiff was employed by Bisso Marine and was assigned to the WILLIAM BISSO at the time of the accident alleged herein. All remaining allegations in Paragraph 8 of the Petition are denied for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

are denied for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

11.

Bisso admits the WILLIAM BISSO, BISSO SUBSEA VISION and CROSBY TROJAN were working in the Gulf of Mexico in East Cameron 281 on October 12, 2016 in connection with a pipeline decommissioning project. All other allegations of Paragraph 10 are denied for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

12.

Bisso denies the allegations of Paragraph 11 of the Petition for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

13.

Bisso admits the allegations of Paragraph 12 that the WILLIAM BISSO was hipped up to the MARMAC 32 at the time of the accident alleged in the Petition.

14.

Bisso denies the allegations of Paragraph 13 of the Petition, except to admit that Plaintiff and a co-employee were at the time of the accident alleged herein working to disconnect the CROSBY TROJAN's tow wire which was attached to the MARMAC 32 and that the MARMAC 32 had been connected to the CROSBY TROJAN with a two-part tow wire.

15.

Bisso denies the allegations of Paragraph 14 of the Petition.

16.

Bisso denies the allegations of Paragraph 15 of the Petition.

17.

Bisso denies the allegations of Paragraph 16 of the Petition.

18.

Bisso denies the allegations of Paragraph 17 of the Petition except to admit that Wyble

sustained injuries to his right ankle and right knee on October 12, 2016 and that he subsequently underwent the referenced surgeries on those areas of his body.

19.

Bisso denies the allegations of Paragraph 18 of the Petition for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

20.

In response to Paragraph 19 of the Petition, Bisso re-urges its prior responses.

21.

The allegations of Paragraph 20 of the Petition regarding entitlement to maintenance and cure state conclusions of law which require no response; however, to the extent a response is deemed required, the allegations of Paragraph 20 are denied.

22.

Bisso denies the allegations of Paragraph 21 of the Petition.

23.

Bisso denies the allegations of Paragraph 22 of the Petition regarding Plaintiff's living expenses for lack of knowledge or information sufficient to justify a belief as to the truth thereof. Bisso further denies all remaining allegations of Paragraph 22.

24.

Bisso denies the allegations of Paragraph 23 of the Petition.

25.

The allegations of Paragraph 24 of the Petition are denied.

26.

In response to Paragraph 25 of the Petition, Bisso re-urges its prior responses.

27.

Bisso denies the allegations of Paragraph 26 of the Petition.

28.

The allegations of Paragraph 27 of the Petition require no response from Bisso.

29.

Bisso denies the allegations of the Prayer for Relief and any other allegations not

specifically addressed herein.

### THIRD DEFENSE

Bisso claims the benefit of the Statutes of the United States regarding Limitation of Liability of Shipowners, 46 U.S.C. § 30505, *et seq.*, and further avers that should judgment be rendered herein against it, that it is entitled to have its liability limited to the amount or value of its interest in the WILLIAM BISSO and her pending freight, if any, as of the date of the alleged accident in question.

### FOURTH DEFENSE

Bisso shows that the WILLLIAM BISSO and all appurtenances thereto were at all times seaworthy, strong, staunch, sturdy, well-maintained and reasonably fit for their intended purposes.

### FIFTH DEFENSE

Bisso pleads the defenses of *laches*, injury by fellow servant, set off and credit as appropriate under the law.

### SIXTH DEFENSE

Bisso specifically pleads the failure of Eric Jude Wyble to exercise reasonable care and diligence to prevent avoidable consequences as a complete and total bar to, or in diminution of, any recovery by Plaintiff in this action.

### SEVENTH DEFENSE

Alternatively, if there was negligence or fault on the part of anyone other than Eric Jude Wyble, in any way constituting a proximate cause of the alleged incident made the basis of this litigation, such negligence, conduct, or fault was that of persons, parties, or entities other than Bisso and for whom Bisso is not responsible. Bisso further pleads the doctrine of comparative fault, including that of the Plaintiff and other third parties, to be determined at trial.

### EIGHTH DEFENSE

Bisso specifically avers that the incident complained of in this litigation arose out of certain risks, dangers, and hazards, all of which were plainly observable, open and obvious, and well known to Eric Jude Wyble on or before the time of the alleged incident, and all of said risks, dangers, and hazards were seen, known, and understood by Eric Jude Wyble and were the normal risks of his occupation.

5

## NINTH DEFENSE

The alleged incident and injuries complained of were caused as a result of an unavoidable accident for which Bisso cannot be held legally responsible.

## TENTH DEFENSE

The alleged incident and injuries complained of were not caused by any acts or omissions on the part of Bisso, its employees, agents, or other person for which it is responsible and Bisso bears no liability therein.

## ELEVENTH DEFENSE

The accident and injury complained of were due to force majeure or Act of God for which Bisso can have no liability.

## TWELTH DEFENSE

Bisso shows that any of Plaintiff's alleged injury or injuries were caused by the superseding or intervening fault, or negligence, inattention, or omissions, which superseding and/or intervening fault, negligence inattention and/or omissions were caused solely and completely by persons, parties or entities for whom Bisso is not legally responsible. It is specifically denied that Bisso was negligent in any way, or in any way caused or contributed to the injuries sustained by Eric Jude Wyble as alleged in the Petition.

## THIRTEENTH DEFENSE

Bisso shows that the injuries and damages complained of by Eric Jude Wyble were not caused by the incident made the basis of this lawsuit and, further, in the alternative, the injuries and damages complained of by Eric Jude Wyble are the result of pre-existing conditions of Eric Jude Wyble which predated the date of the alleged accident complained of in the Petition for Damages.

## FOURTEENTH DEFENSE

Defendant specifically prays that to the extent that Eric Jude Wyble received any maintenance, cure, advances, benefits, or other payments gratuitously, erroneously or upon fraudulent premises, it is entitled to offset any damage award rendered against it and in favor of Eric Jude Wyble to the extent of any such overpayment, or to the maximum extent allowed by law.

### FIFTEENTH DEFENSE

Bisso shows that Plaintiff failed to exercise reasonable care and diligence to mitigate his damages, which failure on the part of Plaintiff is specifically plead as a complete and total bar to, or in diminution of, any recovery by Plaintiff in this action.

### SIXTEENTH DEFENSE

Bisso pleads that plaintiff's injuries were caused by equipment and/or in an area over which Bisso had no control or authority.

### SEVENTEENTH DEFENSE

Bisso pleads that any negligence for which Bisso is allegedly responsible was in no way connected to the injuries for which plaintiff seeks recovery.

### EIGHTEENTH DEFENSE

Bisso specifically reserves the right to amend and supplement its Answer and bring such other claims by way of Cross-Claims or Third Party Demands as it may deem appropriate as additional facts become known.

### THIRD PARTY DEMAND

NOW COMES Bisso Marine, LLC ("Bisso"), in its capacity as Third-Party Plaintiff, and asserts this third-party demand against Third-Party Defendants Crosby Tugs, L.L.C. ("Crosby") and Crosby Marine Transportation, LLC ("Crosby Marine") as follows:

1.

Crosby and Crosby Marine are each Louisiana limited liability companies domiciled at 17771 Highway 3235, Galliano, Louisiana 70354 and may be served with process on their registered agent, Kurt Crosby at 17771 Highway 3235, Galliano, Louisiana 70354.

2.

Bisso has been made a defendant in this lawsuit brought by Eric Jude Wyble for injuries he allegedly sustained on October 12, 2016, while he was working on the barge MARMAC 32 in the East Cameron Block 281 of the Gulf of Mexico.

3.

Upon information and belief, Crosby and/or Crosby Marine owned, operated and employed the crew of the CROSBY TROJAN on the date of accident alleged herein.

4.

Wyble and a co-employee transferred from the AHT WILLIAM BISSO to the MARMAC 32 to disconnect the towing wire connecting the CROSBY TROJAN to the MARMAC 32.

5.

The CROSBY TROJAN's two-part towing wire was connected to padeyes on the MARMAC 32 with shackles and pins. The shackles and pins which connected the CROSBY TROJAN's towing wire to the padeyes on the MARMAC 32 were at all relevant times owned by Crosby and/or Crosby Marine.

6.

On information and belief, the CROSBY TROJAN prematurely moved away from the MARMAC 32 while Wyble and his co-worker were in the process of removing one of the shackles and pins from a padeye on the MARMAC 32.

7.

The premature movement of the CROSBY TROJAN away from the MARMAC 32 caused excessive strain to be placed on the towing wire, resulting in Wyble being struck and injured by the towing wire, a shackle and/or a pin.

8.

Wyble's accident and injuries, if not caused by his own negligence and want of reasonable care, were caused by (i) the negligence of the captain and crew of the CROSBY TROJAN in moving away from the MARMAC 32 without adequate warning or instruction to do so, (ii) defects, deficiencies and unsoundness of the CROSBY TROJAN, (iii) the failure of Crosby and/or Crosby Marine to adequately man and train the crew of the CROSBY TROJAN, and (iv) other negligent acts and/or omissions of Crosby, Crosby Marine, the CROSBY TROJAN and their crewmembers and/or employees as may be revealed in discovery or proven at trial.

8

9.

Bisso was in no way negligent or at fault for the injuries sustained by Wyble and is entitled to full indemnity and/or contribution from Crosby and Crosby Marine for the negligence and fault of Crosby, Crosby Marine, the CROSBY TROJAN, and their crewmembers and/or employees. Alternatively, Bisso is entitled to contribution in proportion to the degree of fault of Crosby, Crosby Marine, the CROSBY TROJAN and their crewmembers and/or employees, who are jointly liable for Wyble's injuries.

10.

Bisso is further entitled to contribution and indemnity from Crosby and Crosby Marine for maintenance and cure paid by Bisso to or on behalf of Wyble.

**WHEREFORE**, Defendant and Third-Party Plaintiff Bisso Marine, LLC prays that this Answer, Affirmative Defenses, and Third-Party Demand be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of Bisso Marine, LLC and against Plaintiff, Eric Jude Wyble, dismissing Plaintiff's suit at his own cost, and against Third-Party Defendants for contribution and indemnity, and awarding Bisso all costs, including attorney's fees and expenses, and all other general and equitable relief to which it is entitled.

Respectfully submitted,

David L. Reisman, T.A. (Bar No. 21833)
Lauren R. Bridges (Bar No. 34460)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
DReisman@liskow.com
LBridges@liskow.com

*Attorneys for Bisso Marine, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2019, a copy of the foregoing pleading was served upon all counsel of record by electronic mail.

---

**Please Serve:**

Crosby Tugs, L.L.C.
Through its registered
agent for service of process:
Kurt Crosby
17771 Highway 3235
Galliano, LA 70354

Crosby Marine Transportation, LLC
Through its registered
agent for service of process:
Kurt Crosby
17771 Highway 3235
Galliano, LA 70354