## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BISSO MARINE, LLC**<br>**PLAINTIFF** | **CIVIL ACTION NO. 2:18-cv-1083**<br><br>**SECTION "M"** |
| **VERSUS** | **JUDGE BARRY W. ASHE** |
| **ERIC JUDE WYBLE**<br>**DEFENDANT** | **DIVISION "1"**<br>**MAGISTRATE JUDGE JANIS VAN**<br>**MEERVELD** |

## BISSO MARINE, LLC'S OPPOSITION TO
## MOTION TO DISMISS DECLARATORY JUDGMENT ACTION

MAY IT PLEASE THE COURT:

Plaintiff Bisso Marine, LLC ("Bisso Marine") files the instant Opposition to Defendant Eric Wyble's Motion to Dismiss Bisso Marine's Declaratory Judgment Action (R. Doc. No. 27). It is undisputed that this Court has discretion to maintain this action. Unlike many of the employers in the cases in which courts declined to exercise their discretion to hear maintenance and cure issues, Bisso Marine did not race Wyble to the courthouse in an effort to displace his right to assert his Jones Act claim in state court.  Instead, Bisso Marine filed the instant action sixteen months *after* the accident (and twenty months *before* Wyble filed his state court action), and only did so after Wyble unilaterally discontinued communicating with Bisso Marine and abandoned his medical treatment.  In other words, Bisso Marine did not abuse the system or seek to deprive Wyble of his rights.  It filed this action to preserve its right to defend itself from the maintenance and cure claims.   Under these facts, and the factors to be considered in connection with the Court's discretionary analysis, it is clear that the Wyble's motion to dismiss should be denied.

## BACKGROUND

This matter arises out of an incident that occurred on October 12, 2016 when defendant, Eric Wyble ("Wyble"), an employee of Bisso Marine assigned to the anchor handling tug WILLIAM BISSO, was injured while disconnecting towing lines from a barge that was made up to a third-party tug. Wyble sustained injuries to his right knee and right ankle. Bisso Marine immediately began paying Wyble maintenance and cure benefits following the October 12, 2016 incident.  Shortly after the incident, Bisso Marine offered Wyble employment at his regular wages working sedentary and light duty within the restrictions imposed by his treating physicians.[1] Over the course of several months following the incident, Wyble was seen by various doctors, including the following:

- **October 2016**: Wyble saw Dr. John Pourciau in Lake Charles on October 14, 2016.  Dr. Pourciau recommended ankle surgery, which was performed on October 27, 2016.  Bisso Marine paid for the surgery.

- **February 2017:** Wyble was seen by Dr. John Noble of the Imperial Health Center for Orthopaedics in Lake Charles.  Dr. Noble recommended a total replacement of Wyble's right knee.

- **March 2017**: Wyble was seen by Dr. Timothy Finney of Southern Orthopedics in New Orleans.  Dr. Finney recommended and ACL reconstruction on Wyble's right knee (as opposed to a knee replacement).

- **June 2017**: Bisso Marine, at Wyble's request, scheduled an appointment on June 12, 2017 in Lake Charles for Dr. Alan Hinton to examine Wyble's knee. Wyble agreed to attend at the scheduled time and location. Bisso Marine paid Dr. Hinton's office $2,000 in advance to secure the appointment. Wyble failed to appear for the appointment without providing any notice to Bisso Marine (who sent an employee from New Orleans to Lake Charles to accompany Wyble to the appointment) or the doctor's office. Bisso was forced to forfeit the $2,000 fee due to Wyble's failure to appear.

Bisso Marine did not hear from Wyble again after he failed to appear for the appointment with Dr. Hinton.  Bisso Marine made numerous attempts to contact Mr. Wyble by telephone, text

---

[1]      Wyble reported for work and continued working in the Bisso yard until May of 2017.

2

message and mail, but Mr. Wyble failed and refused to respond to all such attempts.  Moreover,

Mr. Wyble abandoned his medical treatment by failing to continue with any of the recommended

treatments.  Unable to communicate with Mr. Wyble, and aware that he had abandoned medical

treatment for a period of eight (8) months, Bisso Marine filed the instant suit on February 2, 2018

seeking a judgment that maintenance and cure was no longer owed due to Wyble's abandonment

of cure.  Twenty months later, on the eve of the third anniversary of his October 12, 2016 accident,

Wyble filed suit in state court asserting claims under the Jones Act, as well as for maintenance and

cure and unseaworthiness.

## LAW AND ARGUMENT

Under the Declaratory Judgment Act, a district court has a measure of discretion in

deciding whether to entertain the action. *See* 28 U.S.C. § 2201. Although "the district court's

discretion is broad, it is not unfettered." *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir.

1994). When confronted with a motion to dismiss a complaint for declaratory judgment, a district

court must determine three things:

(1) whether the action before it is justiciable;
(2) whether it has authority to grant declaratory relief; and,
(3) whether, under its discretion, the court should dismiss or decide the declaratory
      action.[2]

There is no dispute in this case that Bisso Marine's Declaratory Judgment Action is

justiciable and that the Court has authority to grant declaratory relief.[3] The only real issue for the

---

[2]   *Specialty Diving of La., Inc. v. Mahoney*, 2006 WL 4101325 at *1 (E.D. La. 1/31/06) (*citing Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003)).

[3]   *See Parker Drilling Offshore v.* Lee, 2013 WL 3779280 at *2 (W.D. La. 7/17/13) (*citing Rowan Companies, Inc. v. Griffin*, 876 F.2d 26 (5th Cir. 1989)) (holding that a declaratory judgment regarding future maintenance and cure obligations is a justiciable controversy for which subject matter jurisdiction exists under general maritime law).

Court to consider when deciding Wyble's motion to dismiss is whether the Court should exercise its discretion to decide or dismiss the case.[4]

In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit laid out six relevant factors for district courts to consider when determining whether to dismiss a declaratory judgment action or decide the issue:

(1) Whether there is a pending state court action in which all of the matters in controversy may be fully litigated;

(2) Whether the plaintiff has filed suit in anticipation of a lawsuit filed by the defendant;

(3) Whether the plaintiff engaged in forum shopping in bringing the suit;

(4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or change forum exists;

(5) Whether the federal court is a convenient forum for the parties and witnesses; and,

(6) Whether retaining the lawsuit in federal court would serve purposes of judicial economy.[5]

An analysis of these factors favors this Court exercising jurisdiction over the Declaratory Judgment Action in this case.

**A.  Pending State Court Action**

As to the first factor, Bisso Marine does not dispute that Wyble has now filed a state court action asserting claims under the Jones Act as well as for maintenance and cure in Orleans Parish Civil District Court.[6] Wyble filed his state court suit on October 10, 2019, just days before the three-year statute of limitations to file suit under the Jones Act was set to expire, and twenty months after Bisso Marine instituted this Declaratory Judgment Action.

---

[4]    In fact, Wyble concedes in his Motion to Dismiss that the "exercise of jurisdiction over this declaratory judgment action is a matter of discretion for this Court." (Wyble's Memorandum in Support of Motion to Dismiss Declaratory Judgment Action, R. Doc. 27-1 at p. 9).

[5]    *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

[6]    The state court action is *Eric Jude Wyble v. Bisso Marine, LLC*, No. 2019-10715 pending in the Civil District Court for the Parish of Orleans, State of Louisiana.

Wyble claims that "courts in this District have concluded that the filing of a state court suit at any time after the declaratory judgment has been instituted is dispositive of the issue and requires dismissal of the declaratory judgment action."[7] Bisso Marine recognizes that several Eastern District of Louisiana cases intimate that once a state law claim has been filed, the court should dismiss or stay the federal declaratory judgment action absent bad faith on the part of the defendant employee.[8] However, contrary to plaintiff's contention, whether a state law claim has been filed after the declaratory judgment action has been instituted is not a dispositive factor that requires dismissal of the declaratory judgment action. Rather, Fifth Circuit precedent requires the Court to weigh several factors, and does not restrict the inquiry to this one factor.[9] If the Fifth Circuit intended for all declaratory judgment action cases to be dismissed or stayed upon the filing of a related state court action, surely it would have said so. And to be clear, the Fifth Circuit has not done so. Instead, the Fifth Circuit requires district courts to analyze the *Trejo* factors. As explained in *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed. Appx. 159 (5th Cir. 2015),

> a district court 'should ascertain whether the questions in controversy between the parties to the federal suit…can be better settled in the proceeding pending in state court.' *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). Although each circuit applies a slightly different formulation of the *Brillhart* test, 'each circuit's formulation addresses the same three aspects of the analysis': 'the proper allocation of decision-making between state and federal courts'; fairness; and efficiency. *Id.* at 390-01. [The Fifth Circuit] uses the nonexclusive factors listed in *St. Paul Insurance Co. v. Trejo*, 39 F.2d 585 (5th Cir. 1994), to 'guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit.' *Sherwin Williams*, 343 F. 3d at 390.

*Id.* at 164.

---

7   R. Doc. 27-1 at pp. 5-6.
8   *See, e.g., Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1355 (E.D. La. 1991).
9   *Rowan Companies, Inc. v. Ainsworth*, 5 F. Supp. 2d 420, 422 (W.D. La. 1998) *citing Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc.*, 996 F.2d 774 (5th Cir. 1993).

B. **Anticipatory Filing**

This factor weighs in favor of this Court exercising jurisdiction over Bisso Marine's Declaratory Judgment Action. There is no evidence that Bisso Marine filed this Declaratory Judgment Action in anticipation of a lawsuit filed by Wyble. Wyble incorrectly contends that "[u]ndoubtedly Bisso anticipated Wyble's state court action to assert Jones Act and general maritime law claims, given the severity of his injuries."[10] To the contrary, Wyble completely stopped communicating with Bisso Marine and abandoned medical care by June of 2017. For eight months Bisso Marine heard nothing from Wyble. Moreover, to Bisso Marine's knowledge, Wyble was not represented by an attorney as of the time this Declaratory Judgment Action was filed in February 2018 (*i.e.* sixteen months after the accident). Bisso Marine had no way of knowing Wyble's intentions regarding filing any potential state court action. "The plaintiff [in a declaratory judgment action] is not required to wait indefinitely for the defendant employee to act." *Rowan Companies, Inc. v. Ainsworth*, 5 F. Supp. 2d 420, 422-23 (W.D. La. 1998) (wherein the Court, after balancing the *Trejo* factors, denied a seaman's motion to dismiss his employer's declaratory judgment action that was filed more than one year after the alleged incident occurred); *see also Coastal Towing, Inc. v. Thomas*, 1997 WL 598474 (E.D. La. 1997) (where the fact that injured seaman's employer filed its declaratory judgment suit over a year after the seaman's accident "shows that it did not act in a rush to the courthouse to gain precedence in time and forum.")[11]

---

[10] R. Doc. 27-1 at p. 8.

[11] In *Coastal Towing, Inc.,* the seaman's employer filed a declaratory judgment action seeking a determination that the seaman's proposed medical procedures were not necessary or related to his employment. The seaman waited one year *after* the filing of the declaratory judgment action to file his own Jones Act suit in state court. While the Court was concerned by the seaman's waste of federal judicial resources, the Court found that his delay in filing the state court suit did not necessarily constitute bad faith. After weighing the additional factors, the Court decided to stay the federal declaratory judgment action, as opposed to a dismissal. *Id.* at *2.

Furthermore, Wyble's motion ignores the fundamental purpose of the Declaratory Judgment Act, which is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued."[12] The Declaratory Judgment Action was the only appropriate means to determine Bisso Marine's obligations and Wyble's rights under the general maritime law because, at the time of the filing of the Declaratory Judgment Action, there was no pending suit within which to investigate and resolve the controversy regarding Wyble's entitlement to maintenance and cure. Therefore, the second *Trejo* factor weighs in favor of the Court accepting jurisdiction over the Declaratory Judgment Action and denying Wyble's Motion to Dismiss.

### C. Forum Shopping

Similarly, the third *Trejo* factor weighs in favor of the Court exercising jurisdiction. Wyble incorrectly contends that Bisso "attempted a pre-emptive strike" by filing this Declaratory Judgment Action, which Wyble equated to a "backdoor removal of the Jones Act claims."[13] On the contrary, Bisso Marine is not participating in forum shopping and is not attempting to remove Wyble's Jones Act claims to federal court. An employer in a maintenance and cure claim has an interest in resolving the case as soon as possible to avoid consequential and punitive damages if it turns out the case was wrongly refused.[14] As in *Rowan Companies, Inc. v. Ainsworth supra*, the circumstances surrounding the case here indicate that Bisso Marine was attempting to resolve the question of Wyble's entitlement to additional maintenance and cure within a reasonable time frame.[15] Bisso Marine filed its Declaratory Judgment Action twenty months before Wyble filed his state court action. Therefore, if anyone is guilty of forum shopping, it is Wyble. *See e.g. Fourth*

---

[12]     *Torch, Inc. v. Theriot,* 727 F. Supp 1048, 1050-51 (E.D. La. 1990).
[13]     R. Doc. 27-1 at p. 9.
[14]     *Lady Deborah, Inc. v. Ware,* 855 F. Supp. 871, 873 (E.D. Va. 1994).
[15]     *Rowan Companies, Inc. v. Ainsworth,* 5 F. Supp. 2d 420 (W.D. La. 1998).

*Shipmor Assocs. v. Lee*, 95-1856, 1996 WL 468753 at *2 (E.D. Cal. 1/4/1996) (where the court, in denying the seaman's motion to dismiss a declaratory judgment action regarding maintenance and cure, stated that if "anyone is guilty of [forum shopping], it is [the seaman who] initiated his state court proceeding after the Plaintiff filed the federal declaratory relief action.") Additionally, the choice of a federal forum over a state forum is not forum shopping where the admiralty and maritime nature of the claim is clearly within the traditional sphere of decision making of federal courts. For these reasons, the third *Trejo* factor weighs in favor of the Court exercising jurisdiction.

### D.  Inequity of Precedence in Time and Forum

The fourth *Trejo* factor also weighs in favor of exercising jurisdiction over the Declaratory Judgment Action. Wyble incorrectly argues that maintaining the case in federal court will result in piecemeal litigation. Although an injured seaman is entitled to pursue remedies in state court, Wyble also had the right to bring all of his claims under the Jones Act, general maritime law, and for maintenance and cure in federal court by way of a counter-claim in these proceedings.[16] Additionally, although allowing the Declaratory Judgment Action to proceed in federal court could cause Bisso Marine to gain precedence in forum, the resulting inequity would be minimal.[17]

### E.  Inconvenience of Forum to Parties and Witnesses

The fifth *Trejo* factor favors going forward with the Declaratory Judgment Action.  A federal forum is generally neither more convenient nor less convenient for the parties.  In this case, however, Wyble eventually filed his state court action in New Orleans.  Any argument that this

---

[16]  *See e.g. First Shipmor Assocs. v. Musa*, 92-4675, 1993 WL 181382 at *2 (N.D. Cal. 5/26/1993) (denying seaman's motion to dismiss declaratory judgment action where employer filed their federal action five months before seaman filed his state action. The court, citing *Belle Pass Towing Corp. v. Cheramie*, 763 F.Supp. 1348, 1354 (E.D. La. 1991), noted that the seaman could have filed a counter-claim in federal court raising the Jones Act and general maritime law negligence claims. In this situation, the seaman would be entitled to have a federal jury decide those claims. Any remaining maintenance and cure issues could be tried to the bench after the jury trial. The Savings to Suitors clause is intended to preserve common law remedies, not to guarantee a plaintiff a particular forum).

[17]  *Rowan Companies, Inc.*, 5 F. Supp. 2d at 423.

Court presents an inconvenience to the parties or witnesses is effectively waived by Wyble's choice to litigate mere blocks away from the Federal Courthouse.

**F.  Interests of Judicial Economy**

Finally, as to judicial economy, the sixth *Trejo* factor favors the Court exercising jurisdiction over the Declaratory Judgment Action. Bisso Marine has sought the aid of this Court to determine its legal obligation to pay future maintenance and cure to Wyble. The issue of Wyble abandoning the right to future maintenance and cure is separate and apart from his Jones Act negligence claim. Although they arise out of the same transaction or occurrence, these issues are clearly different, and the maintenance and cure issue can be quickly resolved. *See e.g. Fourth Shipmor Assocs. v. Lee*, 95-1856, 1996 WL 468753 at *2 (E.D. Cal. 1/4/1996) (where the court held that a declaratory judgment action regarding the employer's maintenance and cure obligations was "confined to issues which can be quickly resolved").

Furthermore, the Declaratory Judgment Action in federal court has been pending and has proceeded well beyond that of the state court action. *See e.g. Rowan Companies, Inc.*, 5 F. Supp. 2d. at 423 (where the court found that a plan of work was in effect, the deadline for discovery was completed, and the state court was far behind the federal court in resolving the relevant issues; therefore, the interests of judicial economy mandated that the declaratory judgment proceed in federal court). Whereas the state court litigation is in its infancy (not all parties have even filed responsive pleadings), the instant case is set for trial on April 20, witness and exhibit lists have been exchanged, the expert report deadline has come and gone, and the dispositive motion deadline has passed.  The maintenance and cure issue can be resolved *via* a one-day trial in this proceeding, which will likely occur before the first deposition is even taken in the state court action. Dismissing the Declaratory Judgment Action would only delay the resolution of this issue. Maintaining this

action would serve the purpose of judicial economy and would provide a forum where all matters concerning Wyble's maintenance and cure claims could be litigated.

## CONCLUSION

As explained above, a weighing of the *Trejo* factors supports maintaining this Declaratory Judgment Action in federal court. For the foregoing reasons, Bisso Marine respectfully requests that the Court deny Wyble's Motion to Dismiss Bisso Marine's Declaratory Judgment Action and utilize its discretion to maintain the action.

Respectfully submitted,

*/s/ Lauren R. Bridges*
David L. Reisman, T.A. (Bar No. 21833)
Lauren R. Bridges (Bar No. 34460)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dreisman@liskow.com
          lbridges@liskow.com

*Attorneys for Bisso Marine, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2020, a copy of the above and foregoing pleading has been served on all counsel of record via facsimile, email transmission, or by placing a copy of same in the United States mail, postage prepaid and properly addressed.

*/s/ Lauren R. Bridges*