UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BISSO MARINE, LLC | CIVIL ACTION |
| VERSUS | NO. 18-1083 |
| ERIC JUDE WYBLE | SECTION M (1) |

## **ORDER & REASONS**

Before the Court is a motion by defendant Eric Jude Wyble to dismiss this declaratory judgment action.[1] Plaintiff Bisso Marine, LLC responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Wyble's motion.

### I. BACKGROUND

This matter is a declaratory judgment action concerning an employer's maintenance-and-cure obligation to an injured seaman. On October 12, 2016, Wyble, a seaman, was injured while in the service of Bisso's vessel, the *AHT William Bisso*.[3] Bisso immediately began paying maintenance and cure to Wyble.[4] After the accident, Bisso offered Wyble a sedentary, light-duty job in its New Orleans yard at his regular rate of pay, along with free lodging.[5] Wyble worked at that job until May 2017.[6]

In June 2017, Bisso scheduled an appointment for Wyble with Dr. Alan Hinton.[7] Bisso pre-paid Dr. Hinton $2,000, and sent an employee to Lake Charles, Louisiana, to accompany Wyble to the appointment.[8] Wyble, without notifying Bisso, failed to attend the appointment.[9]

---

[1] R. Doc. 27.
[2] R. Doc. 29.
[3] R. Doc. 1 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

Wyble has not returned to work for Bisso since May 2017, and he has not communicated with Bisso despite Bisso's numerous attempts to contact him.[10]

Bisso filed this action on February 2, 2018, seeking "a judgment declaring that Wyble is not entitled to additional maintenance benefits on the ground that he has failed to mitigate his damages by failing to continue his employment with Bisso, within the restrictions imposed by his physicians, at his regular wages and with free lodging."[11] Bisso also seeks "a judgment declaring that Wyble is not entitled to additional cure benefits on the ground that he has discontinued communications with Bisso, failed to appear for a scheduled and agreed upon medical appointment, and has failed to cooperate with Bisso in connection with his medical treatment and Bisso's investigation of his medical condition."[12]

On October 11, 2019, Wyble filed his seaman's petition for damages against Bisso in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC") asserting Jones Act negligence and maintenance-and-cure claims.[13]

## II. PENDING MOTION

Wyble moves to dismiss this declaratory judgment action arguing that this Court should exercise its discretion to decline to hear it and allow all of his claims against Bisso to proceed in state court.[14] Wyble points out that this action concerns only Bisso's maintenance-and-cure obligation and will not resolve all of the issues between the parties, whereas the CDC action encompasses all claims between the parties related to the accident.[15] Wyble also argues that this federal action involves issues that are not in controversy because Bisso continued to pay

---

[10] *Id.* at 3.
[11] *Id.*
[12] *Id.*
[13] R. Doc. 27-1 at 2.
[14] R. Doc. 27.
[15] R. Doc. 27-1 at 7-8.

2

maintenance to him until July 2, 2019, and recently paid for his knee surgery.[16]  Further, Wyble argues that allowing this suit to go forward would be tantamount to allowing a "backdoor" removal of his seaman's petition.[17]

In opposition, Bisso argues that this Court should retain the case because Bisso filed it to preserve its right to defend itself against Wyble's claim that Bisso was unreasonable or willful and wanton in failing to pay maintenance and cure.[18]  Bisso argues that it did not "race Wyble to the courthouse in an effort to displace his right to assert his Jones Act claim in state court," but rather Bisso waited 16 months after the accident before filing suit, and then only after Wyble stopped communicating with Bisso and abandoned his medical treatment.[19]  Bisso further argues that judicial economy is served by allowing this suit to move forward because the one-day bench trial on the limited issue of Wyble's entitlement to maintenance and cure is scheduled for April 20, 2020, whereas the CDC litigation is in its infancy.[20]

## III.  LAW & ANALYSIS

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  To determine whether declaratory relief should issue, a court conducts a three-step inquiry: "First, the court must determine whether the declaratory action is justiciable. ... Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. ... Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

---

[16] *Id.* at 7.
[17] *Id.* at 9.
[18] R. Docs. 29 at 1; 27-3 at 6.
[19] R. Doc. 29 at 1.
[20] *Id.* at 9.

The first two factors are undisputed here. The issue before this Court is whether it should exercise its broad discretion to entertain, stay, or dismiss the declaratory judgment action. In exercising this discretion, courts consider six factors that balance the purposes of the Declaratory Judgment Act and abstention doctrine: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

The balance of the factors weighs in favor of entertaining this action. *See Rowan Cos. v. Ainsworth*, 5 F. Supp. 2d 420 (W.D. La. 1998) (weighing *Trejo* factors in denying motion to dismiss declaratory judgment action concerning maintenance-and-cure obligation). Although there is an action pending in CDC that would resolve all of the issues, Bisso did not engage in forum shopping or bring this suit in anticipation of Wyble's filing in CDC. On the contrary, Bisso brought this suit 16 months after the accident – in no race to the courthouse[21] – to preserve its own rights to defend against a potential claim for failure to pay maintenance and cure, with accompanying claims for attorney's fees and punitive damges, because it ceased paying maintenance and cure only when it lost contact with Wyble. There are no inequities in allowing this action to proceed because it is limited in scope, and both courts are equally convenient in that they are located only a few blocks apart in the same city. Further, retaining this lawsuit in

---

[21] To be sure, after Bisso filed this federal action, Wyble waited another 18 months before filing his state-court suit. If this was a race to the courthouse, it is hard to imagine a more lethargic one.

federal court serves the purposes of judicial economy because the trial is only two months away, whereas Wyble's suit in CDC has only just begun. Thus, this Court will exercise its discretion to entertain this suit.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Wyble's motion to dismiss (R. Doc. 27) is DENIED.

New Orleans, Louisiana, this 13th day of February, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE